Alan Nakazawa, State Bar No. 84670
alan.nakazawa@cnc-law.com
Dena S. Aghabeg, State Bar No. 185311
daghabeg@cnc-law.com
COGSWELL NAKAZAWA & CHANG, LLP
444 West Ocean Boulevard, Suite 1410
Long Beach, California  90802-8131
Telephone (562) 951-8668
Facsimile: (562) 951-3933

Attorneys for Plaintiff
NIPPON YUSEN KAISHA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIPPON YUSEN KAISHA, doing business as NYK LINE;<br><br>   Plaintiff,<br><br>  vs.<br><br>BEST GLOBAL LOGISTICS USA, INC.; OWNERS LOGISTICS CO. LTD.;<br><br>   Defendants.<br>_____ | CASE NO.:<br><br>IN ADMIRALTY<br><br>COMPLAINT FOR MONEY DUE UNDER OCEAN BILLS OF LADING, TARIFFS, NEGLIGENCE, WORK AND LABOR PERFORMED AND DECLARATORY RELIEF |

COMES NOW Plaintiff NIPPON YUSEN KAISHA, doing business as NYK LINE, and as its Complaint and causes of action against Defendants BEST GLOBAL LOGISTICS USA, INC. and OWNERS LOGISTICS CO. LTD.,  and alleges as follows:

//

COMPLAINT FOR MONEY DUE UNDER OCEAN BILLS OF LADING, TARIFFS, NEGLIGENCE, WORK AND LABOR PERFORMED AND DECLARATORY RELIEF

**JURISDICTION AND VENUE**

1.     This is a maritime claim within the admiralty jurisdiction of this Court, within the meaning of Rule 9(h), Federal Rules of Civil Procedure and 28 U.S.C. Section 1333, in that the claim involves the ocean transportation of goods in international commerce under ocean bills of lading and an ocean carrier's tariff.

2.     Venue is proper in this District under 28 U.S.C. Section 1391 in that one of the Defendants resides and can be found within the jurisdiction, the Defendants are subject to personal jurisdiction in this District at the time the action is commenced, and the contracts of carriage were partly performed within this District.

**PARTIES**

3.     Plaintiff NIPPON YUSEN KAISHA (hereinafter "NYK") is a business entity organized and existing under the laws of Japan and at all material times, was engaged in the business of carrying goods for hire on ocean-going vessels under ocean bills of lading.

4.     Plaintiff NYK is informed and believes and thereupon alleges that Defendant BEST GLOBAL LOGISTICS USA, INC. (hereinafter "BEST GLOBAL") is a California corporation with an office within this District and is, and at all material times was, doing business within the Court's jurisdiction.  At all material times, BEST GLOBAL was engaged in the business of a non-vessel operating common carrier and/or freight forwarder.

5.     Plaintiff NYK is informed and believes and thereupon alleges that Defendant OWNERS LOGISTICS CO. LTD. (hereinafter "OWNERS LOGISTICS") is a business entity organized and existing under the laws of the People's Republic of China ("PRC"), with an office in Shenzhen, PRC, and is, and

1    at all material times was, doing business within the Court's jurisdiction.  BEST
2    GLOBAL and OWNERS LOGISTICS are hereinafter collectively referred to as
3    the "Defendants."
4
5                                    **BACKGROUND**
6          6.     In January and February 2014, BEST GLOBAL, as the shipper,
7    booked twenty-nine containers of cargo for shipment with NYK for carriage from
8    Chicago to Shanghai, PRC, via the Port of Los Angeles.  BEST GLOBAL
9    represented and warranted that the containers contained "refurbished auto parts."
10   In accordance with the booking requested by BEST GLOBAL, NYK designated
11   OWNERS LOGISTICS as the consignee of the cargo.
12         7.     Thereafter, NYK received twenty-nine sealed containers from
13   BEST GLOBAL and carried the containers from Chicago to Los Angeles and then
14   by the vessels M/V NYK PHOENIX, M/V NYK TRITON, M/V NYK LEO and
15   M/V NYK TERRA from Los Angeles to Shanghai, PRC, pursuant to the terms and
16   conditions of bills of lading nos. NYKS6064645440, NYKS6064645441,
17   NYKS6054341760 and NYKS6064686160.
18         8.     Plaintiff NYK is informed and believes that Defendants were at all
19   material times the shipper, holder, consignee, receiver of the cargo, and/or person
20   owning or entitled to the possession of the cargo and bills of lading, and/or the
21   person or entity acting on behalf of such persons.  The Defendants, and each of
22   them, were the entities for whose account the transportation services were
23   provided by NYK, and were the entities responsible for payment of the charges
24   relating to the cargo.
25         9.     The twenty-nine containers were carried by NYK to Shanghai, PRC,
26   and were discharged there and ready for delivery in accordance with the terms of
27
28
     COMPLAINT FOR MONEY DUE UNDER OCEAN BILLS OF LADING,
     TARIFFS, NEGLIGENCE, WORK AND LABOR PERFORMED AND
     DECLARATORY RELIEF
     - 3 -

1   the aforesaid bills of lading.

2       10.   NYK fully performed all of its obligations under the aforesaid

3   contracts of carriage.

4       11.   Despite receiving notice of arrival of the cargo, the Defendants, and

5   each of them, refused and failed to accept delivery of the cargo.

6       12.   Despite demand, the Defendants also failed to pay the freight and

7   charges relating to the carriage of the cargo.

8       13.   Further, NYK is informed and believes that the containers contain

9   used tires instead of "refurbished auto parts" which are banned from importation

10  into the PRC.

11      14.   As a result of the failure of the Defendants to accept delivery of the

12  cargo, their mis-declaration of the nature of the cargo, and/or their shipment of

13  used tires banned from import into the PRC, NYK has incurred damages,

14  liabilities, charges, expenses, fees and costs for storage, detention, demurrage,

15  customs fees, inspection, transportation, salvage, and for returning the twenty-nine

16  containers to the United States for disposal.

17      15.   As of the date of the filing of this Complaint, there are damages,

18  freight, detention, demurrage, liabilities, charges, salvage costs, expenses, fees and

19  costs due and owing by Defendants to NYK in an amount exceeding $678,651.00.

20

21              **FIRST CAUSE OF ACTION**

22          **(For Breach of Contract/Breach of Warranty)**

23      16.   NYK refers to and incorporates by reference as though fully set forth

24  at length its allegations in paragraphs 1 thru 15 hereinabove.

25      17.   NYK carried the cargo for Defendants from Chicago to Shanghai,

26  PRC, in accordance with the terms and conditions of the bills of lading issued by

27

28  COMPLAINT FOR MONEY DUE UNDER OCEAN BILLS OF LADING,
    TARIFFS, NEGLIGENCE, WORK AND LABOR PERFORMED AND
    DECLARATORY RELIEF

NYK to BEST GLOBAL.

18.    NYK fully performed all of its obligations under the bills of lading and carried the cargo to and discharged the cargo at the requested place of delivery.

19.    Under the terms of the bills of lading and applicable law, the Defendants were required to accept delivery of the cargo within the time provided for in NYK's tariff, and they agreed to be responsible and liable for any and all damages, liabilities, charges, costs, expenses and fees arising from or resulting from their failure to accept delivery of the cargo.

20.    Under the terms of the bills of lading,  Defendants also warranted and guaranteed the accuracy of the particulars of the cargo booked for shipment, including the nature of the cargo, and agreed to indemnify NYK for any loss, damage and expenses arising from inaccuracies in such particulars and the shipment of banned cargo.

21.    Under the terms of the bills of lading, Defendants further agreed to be liable and responsible for any and all freight and other charges due under the bills of lading and applicable tariffs.

22.    The Defendants, and each of them, breached the terms of the bills of lading by, *inter alia*, failing to accept delivery of the cargo in Shanghai, PRC, mis-declaring the particulars of the cargo, including its nature, shipping cargo banned from import into the PRC, failing to pay freight and other charges relating to the transportation, storage and handling of the cargo and by failing to pay NYK the damages, liabilities, detention, demurrage, charges, salvage costs, expenses and fees arising from Defendants' breach.

23.    As a proximate cause of Defendants' breach of the contracts of carriage, breach of warranty, and the matters set forth herein, NYK has incurred

COMPLAINT FOR MONEY DUE UNDER OCEAN BILLS OF LADING, TARIFFS, NEGLIGENCE, WORK AND LABOR PERFORMED AND DECLARATORY RELIEF

1   and the Defendants, and each of them, are liable to NYK, for an amount exceeding

2   $678,651.00, which includes, but is not limited to, amounts due for freight,

3   detention, demurrage, storage, customs fees and penalties, salvage and disposal

4   costs, delivery costs, inspection costs and administrative costs.  Under the terms of

5   the bills of lading, NYK is also entitled to recover from Defendants attorneys' fees

6   and costs incurred as a result of Defendants' breach or breaches and/or in

7   collecting the outstanding amounts from Defendants.

8                    **SECOND CAUSE OF ACTION**

9                    **(Money Due Under Marine Tariff)**

10       24.     NYK refers to and incorporates by reference as though set forth

11   herein at length its allegations in paragraphs 1 thru 23 hereinabove.

12       25.     NYK transported and carried the aforesaid cargo from

13   Chicago to Shanghai, PRC, at the request of the Defendants, and subject to the

14   rates and charges in its tariffs on file with the Federal Maritime Commission.

15       26.     Under the said tariffs, NYK is entitled to recover freight,

16   demurrage, detention, port and terminal storage charges, and any other damages,

17   liabilities, charges, penalties, costs, expenses and fees arising from the carriage of

18   the cargo and Defendants' failure to accept delivery of the cargo and/or shipping

19   banned cargo.

20       27.     Despite demand for payment, Defendants have failed to pay NYK

21   amounts due under the tariffs and tariff compensation is due, owing and unpaid to

22   NYK from the Defendants in an amount exceeding $678,651.00.  Additional

23   charges continue to accrue in accordance with the terms of said tariffs, together

24   with attorneys' fees, costs and expenses incurred in collecting said charges.

25   //

26

27

28
                COMPLAINT FOR MONEY DUE UNDER OCEAN BILLS OF LADING,
                TARIFFS, NEGLIGENCE, WORK AND LABOR PERFORMED AND
                DECLARATORY RELIEF

**THIRD CAUSE OF ACTION**

**(Negligence)**

28.     NYK refers to and incorporates by reference as though set forth herein at length its allegations in paragraphs 1 thru 27 hereinabove.

29.     At all material times herein, Defendants, and each of them, owed NYK the duty to exercise due care to accept delivery of the cargo in Shanghai, PRC, to ensure that the particulars of the cargo were not mis-represented or mis-declared to NYK, and to ensure cargo banned from importation into the PRC was not shipped.

30.     The Defendants breached said duty of care, by *inter alia*, failing to accept delivery of the cargo in Shanghai, PRC, for negligently mis-representing and/or mis-declaring the particulars of the cargo, including, the nature of the cargo, and/or by shipping banned cargo to the PRC.

31.     As a proximate result of the negligence of Defendants, and each of them, NYK has incurred, and Defendants are liable to NYK for, damages, detention, demurrage, liabilities, charges, penalties, costs, expenses and fees in an amount exceeding $678,651.00.

**FOURTH CAUSE OF ACTION**

**(For Work and Labor Performed/Quantum Meruit)**

32.     NYK refers to and incorporates by reference as though set forth herein at length its allegations in paragraphs 1 thru 31 hereinabove.

33.     In or about January and February 2014, the Defendants became indebted to NYK for the work and labor performed by NYK at the request and benefit of Defendants, for which Defendants agreed to pay NYK.

34.     Despite due demand, the Defendants, and each of them, owe NYK an

COMPLAINT FOR MONEY DUE UNDER OCEAN BILLS OF LADING, TARIFFS, NEGLIGENCE, WORK AND LABOR PERFORMED AND DECLARATORY RELIEF

amount exceeding $678,651.00 for said work and labor performed and/or NYK is entitled to recover the value of said work and labor pursuant to the doctrine of quantum meruit.

## FIFTH CAUSE OF ACTION

### (For Declaratory Relief)

35.     NYK refers to and incorporates by reference as though set forth herein at length its allegations contained in paragraphs 1 thru 34 hereinabove.

36.     There is an actual controversy between NYK and Defendants regarding the legal rights and duties of the parties with respect to the twenty-nine containers and their contents.  NYK contends that the Defendants are responsible and liable to NYK for any and all freight, damages, detention, demurrage, liabilities, charges, penalties, expenses, salvage costs and fees arising from the carriage of the cargo, Defendants' failure to accept delivery of the cargo, Defendants' mis-description and mis-declaration of the particulars of the cargo, and/or from Defendants shipping banned used tires to the PRC.  NYK is informed and believes and thereupon alleges that the Defendants deny they are responsible and liable to NYK for the aforesaid damages, detention, demurrage, liabilities, charges, penalties, expenses, costs and fees, and deny and dispute in some manner, the contentions of NYK.

37.     NYK seeks a declaration of the rights and liabilities of NYK and the Defendants pursuant to 28 U.S.C. Section 2201.

//

//

COMPLAINT FOR MONEY DUE UNDER OCEAN BILLS OF LADING, TARIFFS, NEGLIGENCE, WORK AND LABOR PERFORMED AND DECLARATORY RELIEF

**PRAYER**

WHEREFORE, Plaintiff NYK prays for judgment against the Defendants, and each of them, as follows:

1.     That the Court order judgment in favor of NYK and against the Defendants, and each of them, in an amount not less than $678,651.00, for any and all freight, damages, liabilities, charges, penalties, demurrage, detention, costs, expenses and fees caused by Defendants' breach of the contracts of carriage and breach of warranty and/or negligence, all amounts due under NYK's tariffs, and for NYK's work and services performed or quantum meruit;

2.     That the Court declare the rights and liabilities of the parties;

3.     That the Court award NYK its attorneys' fees, costs and expenses incurred as a result of Defendants' breach and/or in collecting the sums due from the Defendants;

4.     That the Court award NYK interest on all of the above as well as its costs of suit; and

5.     That the Court award such other and further relief as the Court deems just and proper.


Dated:  November 2, 2015          COGSWELL NAKAZAWA & CHANG, LLP


                                  By:  _____/s/ Alan Nakazawa_____
                                            Alan Nakazawa
                                        Attorneys for Plaintiff
                                     NIPPON YUSEN KAISHA

COMPLAINT FOR MONEY DUE UNDER OCEAN BILLS OF LADING,
TARIFFS, NEGLIGENCE, WORK AND LABOR PERFORMED AND
DECLARATORY RELIEF